IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GARY MCCLENDON                                                                                          PLAINTIFF

v.                                                                                                    No. 4:07CV143-M-A

DR. THOMAS LEHMAN, ET AL.                                                                              DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Gary McClendon, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

The plaintiff alleges that several times from August 5, 2005, until the present, various doctors have taken him off all medications for his various conditions: arthritis, hypertension, nerve damage from an amputated leg, muscle spasms, deteriorating spinal cord, and a cracked right shoulder. The plaintiff has fallen out of his bunk – and blames his fall on the various doctors because they caused him to go ten days without his high blood pressure medication. The complaint does not set forth how a lack of blood pressure medicine for ten days caused the fall. He also alleges that the various nurse defendants were negligent in administering his medication to him by deviating from the proper schedule for administration of the medication. He does not allege that he suffered any physical harm from the conduct of the nurse defendants. Similarly, he makes the bare allegation that he has not received any medical treatment for his conditions, then,

in contradiction, describes numerous visits with the various doctor defendants. He has received treatment for his various conditions, but he disagrees with the treatment he received and finds it to be unsatisfactory. There is an entry in the plaintiff's prison medical record[1] that he has exhibited drug-seeking behavior, and, indeed, the plaintiff's medical record verifies such behavior. In addition, several of the medical entries document the plaintiff's unwillingness to cooperate in the examination of his injuries. The plaintiff clearly has medical problems, and he has been treated for the problems repeatedly.

The plaintiff seeks examination by a bone specialist, to have his shoulder repaired by having a pin inserted (if recommended by the bone specialist), treatment for the severe and continuous pain he suffers, examination and treatment by a nerve specialist for the nerve damage at the site of his leg amputation – and for deterioration of his spinal cord – and to be permitted to keep his high blood pressure medicine on his person so he can take is as prescribed by his doctor.

### Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the

---

[1] Portions of the plaintiff's prison medical record are attached as an exhibit to this memorandum opinion.

criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, the plaintiff has received medical treatment repeatedly over the time period of which he complains. The nurse defendants, by the plaintiff's own admission, were merely negligent (or following the orders given them by the doctor defendants). As such, the plaintiff's claims against the nurse defendants must be dismissed. From the complaint and the medical records available, it is clear that the doctor defendants have examined the plaintiff numerous times and treated him for his conditions – taking into account the plaintiff's drug-seeking behavior. The plaintiff merely disagrees with the diagnosis and course of treatment – particularly the confiscation of his medications – and the decision not to insert a pin into his shoulder. Such disagreement, however, does not rise to the level of an Eighth Amendment claim. *Id.* As such,

the plaintiff's claims against the doctor defendants shall be dismissed for failure to state a constitutional claim. In sum, all of the plaintiff's claims in this case shall be dismissed for failure to state a constitutional claim. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 21st day of September, 2007.

                                           **/s/ Michael P. Mills**
                                           **CHIEF JUDGE**
                                           **UNITED STATES DISTRICT COURT**
                                           **NORTHERN DISTRICT OF MISSISSIPPI**